**Max KUMOLONTANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–4964–ag.

United States Court of Appeals, Second Circuit.

May 18, 2006.

Ronald Salomon, New York, New York, for Petitioner.

Daniel Bogden, United States Attorney for the District of Nevada, Robert L. Ellman, Chief, Appellate Division, United States Attorney for the District of Nevada, Las Vegas, Nevada, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Max Kumolontang, a citizen of Indonesia, through counsel, petitions for review of an order of the BIA entered on August 15, 2005, affirming a May 26, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision rather than that of the BIA. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

█ The IJ properly denied petitioner's application because he failed to establish either past persecution or a fear of future persecution. To establish eligibility, an asylum applicant must show that he or she has suffered past persecution, or has a

well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42). General harassment not rising to violence or physical abuse, does not constitute persecution. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). Even assuming that Kumolontang was struck once with sharp objects, that claim does not sufficiently establish his claim of past persecution, as Kumolontang did not claim that, as a result of that incident, he had suffered any pain or injuries, or had required any treatment. Kumolontang's claims appear to be no more than claims of past harassment. Further, as recognized by the IJ, it is not clear whether Kumolontang was harassed because of his religious belief or simply because he had money. He thus fails to meet his burden of establishing past persecution. *See id.* at 126, *citing* 8 U.S.C. §§ 1158(b)(1), 1101(a)(42)(A) (asylum applicant bears the burden of establishing past persecution).

■ With respect to Kumolontang's alleged fear of future persecution based upon a pattern and practice of alleged persecution of Christians in Indonesia, he failed to establish such persecution. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (to establish asylum eligibility based on a well-founded fear of future persecution, an applicant must show that he subjectively fears persecution and that this fear is objectively reasonable). Although Kumolontang testified that he feared falling victim to a church bombing, he presented no evidence that churches in

his hometown had, in fact, been bombed at any time. Additionally, he testified that several of his family members who had remained in Indonesia had not suffered any type of harm despite their active involvement with a Christian church in that country. Further, Kumolontang did not claim that family members had told him that anybody in Indonesia had been looking for him or had intended to harm him because of his religious beliefs.

■ Contrary to Kumolontang's assertion, the IJ considered the background evidence in determining that he did not have a fear of future persecution. Although the 2003 State Department Report * acknowledges poor treatment of Christians in the past, it also explains that:

> Following a sharp drop in violence between Christians and Muslims in the provinces of Maluku, North Maluku, and Central Sulawesi, inter-religious tolerance and cooperation improved during the year. During the first 6 months of the year, many Muslims and Christians in those provinces worked together to repair mosques and churches. In the Malukus, local governments reunited many government offices that since 1999 had separated into Christian and Muslim units.

The IJ's conclusion appears to have been reasonable in light of the lack of a specific threat to Kumolontang or his family, and the Report's indication that relations between Christians and Muslims had improved. Because Kumolontang was un-

---

* In support of the present petition, Kumolontang submitted with his brief a 2005 U.S. Department of State Report that was not considered by the BIA or the IJ. Because it is the responsibility of the IJ, rather than of this Court, to establish the record, the 2005 Report is not to be considered for purposes of the present petition. *See Qun Yang v. McElroy,* 277 F.3d 158, 162 (2d Cir.2002). In *Yang,* this Court found that, because the BIA in 1998 affirmed a 1994 IJ decision predicat-

ed primarily upon a 1993 State Department Report, remand was appropriate because the record was silent as to a country's contemporary treatment of persons with backgrounds similar to the petitioner. *Id.* at 163. Because, unlike *Yang,* there is no "significant time gap" between the date of the BIA's order of removal and the date of the State Department Report, remand on that basis is not appropriate in the present case. *See id.*

**34**

able to establish an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).

■ Petitioner has not argued for relief pursuant to CAT before this Court, and that claim is waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).